# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STANLEY W. RICE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.   **CIV-13-095-FHS-SPS** ) |
| **THOMAS HOUDYSHELL, et al.,** | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On March 13, 2013, plaintiff, an inmate in the custody of the Oklahoma Department of Corrections, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated in the Wagoner County Jail in Wagoner, Oklahoma (Docket No. 1). Plaintiff alleged he suffered excessive force, the defendants were deliberately indifferent to his medical needs, his outgoing mail was opened and photocopied, and photographs of his family were removed from his mail. He named four officials of the jail as defendants: Jail Administrator Thomas Houdyshell and Detention Officers Link Mock, Billy Hagen, and Debbie Wheeler.

On July 22, 2013, plaintiff filed a motion to add another party named Jennifer who was the Wagoner County Jail health care provider (Docket No. 36). The court construed the motion as a motion to file an amended complaint and granted the motion (Docket No. 38). Plaintiff was directed to file a proper amended complaint on the court's form and was instructed that the amended complaint must include all defendants, allegations, and supporting material for the court's consideration, and it could not reference the original complaint. *See id*. (citing Local Civil Rule 9.2(c)). The amended complaint, naming only

Defendant Jennifer, was filed on July 30, 2013 (Docket No. 39).  Defendants Houdyshell, Mock, Hagen, and Wheeler next filed a motion to dismiss, based on their absence from the amended complaint (Docket No. 40).  Plaintiff has responded to the motion, claiming the court mistakenly construed his motion to add a party as a motion to amend the complaint, and he did not intend to delete the four original defendants (Docket No. 41).

"Although we construe [plaintiff's] pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  There is no provision in the court's Local Civil Rules for adding a party without filing a proper amended complaint, so the court correctly directed plaintiff to file an amended complaint that complied with Local Civil Rule 9.2.  Nonetheless, because "[p]leadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), plaintiff is granted twenty (20) days to file a proper second amended complaint that complies with the court's previous directions and Local Civil Rule 9.2.  The second amended complaint will supercede the original complaint (Docket No. 1), plaintiff's supplement to the complaint (Docket No. 7), and the first amended complaint (Docket No. 39), and those documents will be rendered without legal effect.  *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (citation omitted).  Failure to comply with the court's directions regarding the filing a second amended complaint will result in dismissal of this action.

**ACCORDINGLY,** Plaintiff is directed to file a proper second amended complaint within twenty (20) days, and the Court Clerk is directed to send plaintiff a copy of the court's form for filing a second amended complaint.  All pending motions are denied as moot.

**IT IS ORDERED** this 21st day of January, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

2