**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STANLEY W. RICE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 13-095-FHS-SPS** |
| | ) | |
| **THOMAS HOUDYSHELL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff, a former inmate at Jess Dunn Correctional Center in Taft, Oklahoma, brought this action under the authority of 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations during his incarceration at the Wagoner County Jail in Wagoner, Oklahoma. At the direction of the court, he filed a second amended complaint on February 3, 2014 (Dkt. 50, 51). The defendants in the second amended complaint are officials at the Wagoner County Jail: Thomas Houdyshell, Administrator; Link Mock, Detention Officer; Billy Hagan, Detention Officer; Debbie Wheeler; and Jennifer Perry, Jail Health Care Provider.

Plaintiff alleges that while incarcerated in the Wagoner County Jail, the defendants violated his First and Eighth Amendment rights, as well as the Americans with Disabilities Act. He claims he suffered cruel and unusual punishment, excessive force, and deliberate indifference to his serious medical needs, both physical and psychiatric. The defendants also allegedly opened his mail, photocopied and forwarded copies of his mail, and lost family photographs they removed from his incoming mail.

Plaintiff was discharged from the Oklahoma Department of Corrections on June 19, 2015 (Dkt. 103-2), and he advised the court of his current address on August 10, 2015 (Dkt. 99). On September 14, 2015, Defendant Houdyshell filed a motion to compel Plaintiff to fully respond to Houdyshell's First Set of Request for Production of Documents to Plaintiff

and Houdyshell's First Set of Interrogatories to Plaintiff (Dkt. 101). Houdyshell alleged that Plaintiff's responses were more than two months overdue, and Plaintiff had not responded to Houdyshell's correspondence about these discovery requests. *Id*.

On September 15, 2015, the court directed Plaintiff to show cause by September 29, 2015, why Houdyshell's motion to compel should not be granted (Dkt. 102). Plaintiff was advised that failure to show cause as directed could result in dismissal of this action. *Id*.

On September 16, 2015, the defendants filed a Joint Motion for Sanctions Based on Plaintiff's Failure to Appear for His Own Deposition (Dkt. 103). The defendants allege that on August 26, 2015, defense counsel issued to Plaintiff via certified mail a Notice of Deposition, mailed to the address Plaintiff provided the court after his DOC release (Dkt. 103-3 at 1). The Notice was delivered to Plaintiff on September 1, 2015, and the deposition was scheduled for September 15, 2015, in Muskogee, Oklahoma. *Id.* On the day of the deposition, two attorneys for the defendants and a court reporter arrived at the scheduled site, but Plaintiff did not appear. *Id.* A record was made before the court reporter concerning the Plaintiff's failure to appear. *Id.*

Counsel for the defendants states that he received no communication from Plaintiff about the deposition, but counsel understands that Plaintiff was aware it was scheduled. *Id.* (Dkt. 103-3 at 2). On September 10, 2015, counsel spoke with Plaintiff's sister Angela Painter who advised that Plaintiff had informed her of the September 15 deposition in Muskogee. *Id.*

On September 16, 2015, the court directed Plaintiff to show cause by September 30, 2015, why the defendants' Joint Motion for Sanctions Based on Plaintiff's Failure to Appear for His Own Deposition (Dkt. 103) should not be granted (Dkt. 104). Plaintiff was cautioned that failure to show cause as directed could result in dismissal of this action and other sanctions. *Id.*

On September 17, 2015, the defendants filed a Supplemental Joint Motion for Sanctions Based on Plaintiff's Failure to Appear for His Own Deposition (Dkt. 107),

correcting the exhibits filed in their previous joint motion for sanctions (Dkt. 103).

On October 29, 2015, the court again directed Plaintiff to show cause why the defendants' joint motions for sanctions (Dkt. 103, Dkt. 107) should not be granted. (Dkt. 110). Plaintiff was advised that failure to show cause as directed would result in dismissal of this actions with possible additional sanctions. *Id*. Plaintiff has failed to respond to any of the court's show-cause orders or to any of the defendants' motions.

Finally, the defendants filed a Joint Motion to Deem Confessed Defendants' Joint Motion for Sanctions (Dkt. 111). The defendants are requesting sanctions against Plaintiff, including dismissal of this action with prejudice and an award to the defendants of reasonable attorney fees and costs incurred in attending the September 15, 2015, deposition and making a record upon Plaintiff's failure to attend, and in preparing their Joint Motion for Sanctions.

After careful review, the court finds the proper sanction for Plaintiff's failure to cooperate in discovery and to attend his own deposition is dismissal of this action without prejudice for Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 854-56 (10th Cir. 2005) (dismissing appeal sua sponte for failure to prosecute because appellant disappeared and failed to meet court deadlines). The court further finds that additional sanctions, such as an award of attorney fees and costs, are not warranted.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute. All pending motions are DENIED as moot.

ENTERED this 29th day of March, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma